IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT J. ELLIS** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:04CV120LG-RHW** |
| | § | |
| **LANDINGS ASSOCIATES, LTD., THE** | § | |
| **MITCHELL CO., TRUSTMARK** | § | |
| **BUILDERS, INC., AND SCOTTY JONES** | § | **DEFENDANTS** |
| | § | |
| **TRUSTMARK BUILDERS, INC.** | § | **THIRD-PARTY PLAINTIFF** |
| | § | |
| **V.** | § | |
| | § | |
| **RUSTY STEVENS AND FIREMAN'S** | § | |
| **FUND INSURANCE CO.** | § | **THIRD-PARTY DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THIS COURT is the Motion of the Plaintiff, Robert J. Ellis, for Partial Summary Judgment, pursuant to FED. R. CIV. P. 56 [54], filed in the above-captioned cause on April 26, 2005. In the Motion Plaintiff argues that issues concerning questions of immunity and exclusivity are controlled by the Alabama Workers' Compensation Law and that under Alabama law, the Defendants are not entitled to immunity or exclusivity.[1] For the reasons discussed below, the Plaintiff's motion should be denied.

---

[1] The parties submitted supplemental letter briefs to the Court regarding the application, if any, of the decision in *Powe v. Roy Anderson Constr. Co., Inc.*, 910 So.2d 1197 (Miss. Ct. App. 2005) to the facts in this case. Because the court in *Powe* was not presented with the issue of the application of MISS. CODE ANN. § 71-3-109, the court's decision in *Powe* is not helpful in this case.

FACTS AND PROCEDURAL HISTORY

On November 14, 2002, Defendant/Third-Party Plaintiff, Trustmark Builders, Inc., and Third-Party Defendant, Rusty Stevens, entered into a contract for the performance of certain work as part of the construction of "The Landings Apartments" in Biloxi, Mississippi. The property on which the Landings Apartments were being built is owned by Defendant Landings Associates, Ltd., whose partners are The Mitchell Company, also a defendant in this case, and Southeastern Partners, Inc., who is not a party in this case. Defendant The Mitchell Company was also the general contractor for the construction project. The Mitchell Company hired Trustmark Builders, Inc. as a subcontractor, who in turn hired Defendant Rusty Stevens as a subcontractor.

During the construction project, Defendant Scotty Jones "constructed a wooden box for the purpose of lifting workers to perform work above ground." (Pl.'s Compl., ¶15., filed Mar. 12, 2004.) On February 3, 2003, Robert Ellis, an employee of Stevens and the Plaintiff in this case, was using the box to lift himself to construct an archway. "[T]he box tilted and slid off the forks of the lift causing it and the Plaintiff to fall 25 to 30 feet to the ground." (Pl.'s Compl., ¶ 18.) The Plaintiff was severely injured as a result of the fall. The Plaintiff filed his complaint in this Court seeking damages for injuries that he claims were caused by the Defendants' negligence. On June 28, 2004, Defendant Trustmark filed its third-party complaint against Stevens, contending that Stevens had contractually agreed to indemnify

Trustmark for any claims, including those asserted by Ellis.[2]

On April 26, 2005, the Plaintiff filed this motion seeking "partial summary judgment that as a matter of law that the any (sic) issues pertaining to immunity or exclusivity pursuant [to] worker's compensation act pertaining to the Defendants, LANDINGS ASSOCIATES, LTD., THE MITCHELL COMPANY, TRUSTMARK BUILDERS, INC., and SCOTTY JONES is controlled by the Alabama Worker's Compensation Act and not the Mississippi Worker's Compensation Act." (Pl.'s Br. in Support of Mot. for Partial Summ. J., p. 14, filed April 26, 2005.)  The Plaintiff also seeks judgment as a matter of law that these Defendants "are not entitled to immunity and/or exclusivity under the Alabama Worker's Compensation Act." (Pl.'s Br., p. 14.)

## DISCUSSION

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of

---

[2]Stevens filed a motion on September 17, 2004, seeking judgment as a matter of law on Trustmark's indemnity claim.  The parties agreed that the choice of law issues raised in this motion should be decided before the issues raised in Stevens's motion.

trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

DOES MISSISSIPPI OR ALABAMA WORKER'S COMPENSATION LAW APPLY TO THE IMMUNITY AND EXCLUSIVITY ISSUES?

The Plaintiff contends that the Alabama Worker's Compensation Act applies for a number of reasons.  First, the Plaintiff received benefits under the Alabama Worker's Compensation Act for his February 3, 2003, injury.  Second, his employer's principal place of business is in Alabama, and he entered into an oral contract of employment with his employer in Alabama.  Third, his employer reported his injury as required under the Alabama Worker's Compensation Act, but did not report the Plaintiff's injury as directed under the Mississippi Worker's Compensation Act.  Fourth, MISS. CODE ANN. § 71-3-109(c) requires the application of the Alabama Worker's Compensation Act to Plaintiff's claims.  Fifth, under the Mississippi center of gravity test, Alabama Worker's Compensation Act applies.     The Defendants contend that under the Mississippi choice of law principles, Mississippi law applies because

Mississippi has "the most significant relationship" to the accident and the parties. Alternatively, the Defendants contend that if MISS. CODE ANN. § 71-3-109(3) applies, then the Alabama Worker's Compensation Act will apply only insofar as the Plaintiff's compensation benefits are concerned, but Mississippi law regarding statutory employer immunity will still apply.

"It is well settled that a federal court sitting in diversity must apply the choice of law rule of the forum in which it sits." *Marascalco v. Int'l Computerized Orthokeratology Society, Inc.*, 181 F.R.D. 331, 337 (N.D. Miss.1998) (citation omitted). "Under Mississippi law, the Court must apply a 'center of gravity' or 'most substantial contacts' approach to the question of what law applies." *Coats v. Penrod Drilling Corp.*, 785 F.Supp. 614, 617 (S.D. Miss. 1992) (citations omitted). But, as suggested by the Plaintiff, the "court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." *Coats*, 785 F.Supp. at 618, *quoting Mitchell v. Craft*, 211 So.2d 509, 515 (Miss. 1968), *citing* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6. Mississippi law includes such a directive. MISS. CODE ANN. § 71-3-109 provides as follows:

> Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this chapter while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this chapter are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state.

MISS. CODE ANN. § 71-3-109(3). This statute sets forth certain conditions which, if met, would result in an exemption from Mississippi Workers's Compensation Law, and instead, the application of another state's worker's compensation law.

Under the provisions of MISS. CODE ANN. § 71-3-109(3), an employee hired or regularly employed outside of Mississippi and his employer are exempt from the provisions of the Mississippi Workers' Compensation Law while the employee is temporarily working in Mississippi if certain conditions are met. In other words, if these conditions are met in this case, the Plaintiff and his employer will be exempt from the provisions of the Mississippi Workers' Compensation Law and instead, Alabama worker's compensation law will apply. The exemption will apply only if both of the following conditions are met:

> (1) the employer, Rusty Stevens, must furnish workmen's compensation under the laws of Alabama which covers the Plaintiff while working in Mississippi; and
> (2) Alabama workmen's compensation law must recognize the extra-territorial provisions of the Mississippi Workers' Compensation Law and exempt from the application of Alabama's workmen's compensation law those employees and employers who are covered under the Mississippi Workers' Compensation Law.[3]

---

[3] Although this provision seems to include two conditions, one of which is to recognize the extra-territorial provisions, and the other of which is to exempt employees and employers who are covered in Mississippi from coverage in Alabama, this provision actually requires only one condition. As the court in *Roynon v. Janet's Cleaning Serv.*, 521 A.2d 1271 (Md. Ct. Spec. App. 1987) determined, "the quoted language establishes but a single condition." *Roynon*, 521 A.2d at 1273. The court in *Roynon* based its determination in part upon the Mississippi Supreme Court's decision in *La Dew*. The court reasoned that the Mississippi Supreme Court's "discussion of extraterritoriality or availability of Louisiana's compensation law to the worker and the reciprocal exemption and recognition of extraterritoriality language of the Mississippi statute reflects the interrelationship between those concepts." *Roynon*, at 1273-74. In 1991, the Maryland statute was amended. The new provision sets forth the extraterritorial provision at § 9-203(b)(1)(iv), and the exemption provision at § 9-203(b)(1)(v), indicating two separate conditions. Despite this amendment to the Maryland statute, the undersigned agrees with the Maryland court in *Roynon* that this statutory language includes only one condition based upon the interrelationship of the two concepts.

MISS. CODE ANN. § 71-3-109(3).  The only Mississippi case applying this provision[4] is *La Dew v. La Borde*, 63 So.2d 56 (Miss. 1953).  In that case, the court determined that the employee, a Louisiana resident injured on the job in Mississippi, and his employer were not exempt from the application of Mississippi worker's compensation law because the Louisiana worker's compensation law did not recognize "the extra-territorial provisions of Chap. 354, Laws of 1948, and exempt[] employers and employees who are covered in this state."[5]  *La Dew*, 63 So.2d at 59.

In this case, the first condition under § 71-3-109(3) applies.  It is undisputed that Rusty Stevens provided worker's compensation coverage for the Plaintiff in Alabama, and the Plaintiff actually received worker's compensation benefits in Alabama for the injuries he sustained while working in Mississippi.  However, § 71-3-109(3) also requires that the Alabama worker's compensation law recognize the extra-territorial provisions of Mississippi worker's compensation law, and exempt from Alabama worker's compensation law those employees and employers who are covered under Mississippi worker's compensation law.  *See*

---

[4] The court was actually applying the predecessor to Miss. Code Ann. § 71-3-109(3), which was Chap. 354, Sec. 49(c), Laws of 1948.  The language in sec. 49(c) is virtually identical to § 71-3-109(3).

[5] The court also determined that the Mississippi statute would apply because the employer failed to show that the employee would be covered by the Louisiana worker's compensation law, as required by the Mississippi statute. *La Dew*, 63 So.2d at 58.  The court stated that "[w]e think that it was the purpose and intent of our legislature to exempt employers and employees from the coverage of the act, by Sec. 49(c), *only* when it is clearly shown that the employee will have an available remedy for his injury under the similar statute of another state." *La Dew*, at 58.  The court then noted that the "more potent reason why the Mississippi statute applies in this case," is that the Louisiana worker's compensation law did not recognize the extra-territorial provisions of the Mississippi law and exempt employers and employees covered in Mississippi. *Id.* at 58-59.

*La Dew*, at 58-59.  In other words, "[Mississippi] will exempt from the operation of its [Workers'] Compensation Act citizens of [Alabama] injured in [Mississippi] only if [Alabama], by exempting from its compensation laws [Mississippi] workers injured in [Alabama], would recognize [Mississippi's] right to apply the [Mississippi Workers'] Compensation Act to its own citizens." *Roynon v. Janet's Cleaning Serv.*, 521 A.2d 1271, 1273 (Md. Ct. Spec. App. 1987) (interpreting MD. CODE ANN. art. 101, § 21(c)(4),[6] which is nearly identical to MISS. CODE ANN. § 71-3-109(c)).[7]

It is the opinion of the Court that ALA. CODE § 25-5-35 does not exempt Mississippi employees and employers from coverage under Alabama law.  On the contrary, the provision allows a Mississippi employee injured in Alabama to recover under the Alabama statute, as long as the employer would have been subject to the workers' compensation law "had the contract of employment been entered into in [Alabama] for performance in [Alabama]."[8]  ALA. CODE § 25-5-35(g).  Under the Alabama statute, an employee could potentially recover under both the Mississippi and the Alabama workers' compensation provisions, although the amount

---

[6]This provision is now codified at MD. CODE ANN., LAB. & EMPL. § 9-203.

[7]The Alabama counterpart to MISS. CODE ANN. § 71-3-109(c) regarding coverage for a Mississippi resident temporarily working in Alabama is ALA. CODE § 25-5-35(g).  It provides as follows:
> (g) If, as a result of an employment principally localized in another state, an employee of an employer who would have been subject to this article or Article 3 of this chapter, had the contract of employment been entered into in this state for performance in this state, suffers injury or death as a result of an accident occurring in this state, compensation and medical, surgical and hospital benefits on account of such injury or death may be recovered under this article or Article 3 of this chapter.

[8]Those employers not subject to the workers' compensation law are listed in ALA. CODE § 25-5-50, and include employers of domestic workers and farm laborers, among others.

of compensation and benefits awarded under Mississippi workers' compensation law would be credited against the Alabama award.  *See* ALA. CODE § 25-5-35(e).

## CONCLUSION

The Plaintiff and his employer are not exempt from application of the Mississippi Workers' Compensation Law.  Even though the Plaintiff actually received benefits under the Alabama Workers' Compensation Law, Mississippi law will apply in this case to issues concerning immunity and exclusivity.  Therefore, the Plaintiff's motion for partial summary judgment that the issues of immunity and exclusivity in this case are controlled by Alabama Workers' Compensation law must be denied.  Because the Court has determined that the Alabama Workers' Compensation Act does not apply in this case, the remaining issues are moot and Plaintiff's motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Plaintiff, Robert J. Ellis, for Partial Summary Judgment, pursuant to FED. R. CIV. P. 56 [54], should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE