IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT J. ELLIS** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:04CV120LG-RHW** |
| | § | |
| **LANDINGS ASSOCIATES, LTD., THE** | § | |
| **MITCHELL CO., TRUSTMARK** | § | |
| **BUILDERS, INC., AND SCOTTY JONES** | § | **DEFENDANTS** |
| | § | |
| **TRUSTMARK BUILDERS, INC.** | § | **THIRD-PARTY PLAINTIFF** |
| | § | |
| **V.** | § | |
| | § | |
| **RUSTY STEVENS AND FIREMAN'S** | § | |
| **FUND INSURANCE CO.** | § | **THIRD-PARTY DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION OF THIRD-PARTY DEFENDANT
RUSTY STEVENS FOR SUMMARY JUDGMENT**

BEFORE THIS COURT is the Motion of the Third-Party Defendant, Rusty Stevens, for Summary Judgment, pursuant to FED. R. CIV. P. 56 [19], filed in the above-captioned cause on September 17, 2004. The Third-Party Defendant seeks judgment as a matter of law on the indemnity claim of Defendant/Third-Party Plaintiff, Trustmark Builders, Inc. For the reasons discussed below, the motion should be granted in part and denied in part.

FACTS AND PROCEDURAL HISTORY

On November 14, 2002, Trustmark, the contractor, and Stevens, the subcontractor, entered into a contract for the performance of certain work as part of the construction of "The Landings Apartments" in Biloxi, Mississippi. The contract provided in pertinent part as follows:

> Subcontractor agrees to abide by all local, state, federal and OSHA regulations.
> Subcontractor agrees to furnish Contractor with Certificate of Insurance naming

> TRUSTMARK BUILDERS, Inc. as additional insured, with respects to General Liability Insurance.  Subcontractor agrees to hold harmless TRUSTMARK BUILDERS, Inc., it's (sic) officers and employees for any claims arising out of performance of this contract.

(Contract, dated Nov. 14, 2002, att. as Ex. E., Stevens' Mot. for Summ. J., filed Sept. 17, 2004.)  During the construction project, Defendant Scotty Jones "constructed a wooden box for the purpose of lifting workers to perform work above ground."  (Pl.'s Compl., ¶15., filed Mar. 12, 2004.)  On February 3, 2003, Robert Ellis, an employee of Stevens and the Plaintiff in this case, was using the box to lift himself to construct an archway.  "[T]he box tilted and slid off the forks of the lift causing it and the Plaintiff to fall 25 to 30 feet to the ground."  (Pl.'s Compl., ¶ 18.)  The Plaintiff was severely injured as a result of the fall.  The Plaintiff filed his complaint in this Court seeking damages for injuries that he claims were caused by the Defendants' negligence.  On June 28, 2004, Trustmark filed its third-party complaint against Stevens, contending that Stevens had contractually agreed to indemnify Trustmark for any claims, including those asserted by Ellis.  Thus, according to Trustmark, Stevens "owe[s] complete indemnity, defense, attorneys' fees, punitive damages, costs, interest and expenses incurred by any party to this action, for failure to assume the contractual indemnity obligation, after sufficient demand."  (Trustmark's Answer & Third Party Demand, ¶ 3., filed June 28, 2004.)

 Stevens filed this motion on September 17, 2004, seeking judgment as a matter of law on Trustmark's indemnity claim.  Stevens contends that the hold harmless clause in the contract between the parties does not include indemnification, attorneys' fees, and costs; thus, Trustmark cannot recover these from Stevens.  According to Stevens, even if the contract

included indemnity, Trustmark cannot maintain a claim against Stevens for Stevens's negligence based upon the "workers' compensation exclusivity bar under MISS. CODE ANN. § 71-3-9. Also, Stevens cannot be compelled to indemnify Trustmark for its own negligence since such indemnity contracts are void, under MISS. CODE ANN. § 31-5-41." (Stevens's Reply in Supp. of Mot. for Summ. J., p. 2, filed Oct. 12, 2004.) Moreover, Stevens contends as follows:

> [A]s the general contractor over an insured subcontractor, Trustmark cannot be sued by Ellis. As such, there is no liability Trustmark may have which could arise out of the performance of this contract, at least as to Ellis. Since Trustmark cannot be liable, it cannot assert a claim for indemnity for a claim which does not exist, and against which it denies liability.

(Stevens's Mot. for Summ. J., ¶ II., filed Sept. 17, 2004.)

Trustmark, on the other hand, contends that as a statutory employer of Ellis, it, like Stevens, is immune from suit by Ellis.[1] Trustmark also contends that "[a]lthough Trustmark Builders has no liability to Ellis, it is still entitled to indemnity from Rusty Stevens for the claim that has been made and for attorney's fees, expenses, and costs associated with the claim." (Trustmark's Resp., p. 2, filed Oct. 8, 2004.) Trustmark argues that it is entitled to attorney's fees and costs pursuant to the hold harmless agreement, even though the agreement does not specifically refer to those items. According to Trustmark, an "indemnitee, in this case Trustmark Builders, is entitled to recover reasonably (sic) attorney's fees, costs and expenses arising out of the matter in which he has been indemnified." (Trustmark's Resp., p. 3.)

## DISCUSSION

---

[1] The issue of whether Trustmark is a statutory employer has not been raised, and has therefore not yet been resolved.

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. at 253-54.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

*Does Stevens have a duty to indemnify Trustmark?*

Stevens contends that the hold harmless agreement does not include an agreement to indemnify, but even if it does include such an agreement, Trustmark cannot maintain a claim against Stevens for Stevens's negligence based upon the "workers' compensation exclusivity bar under MISS. CODE ANN. § 71-3-9."  (Stevens's Reply in Supp. of Mot. for Summ. J., p. 2, filed Oct. 12, 2004.)  In addition, Stevens contends that to the extent that Trustmark seeks indemnity for its own negligence, such indemnity is barred by MISS. CODE ANN. § 31-5-41. Stevens also contends that because it and Trustmark, as the statutory employer, are both

immune from liability under the Mississippi worker's compensation statute,[2] then Trustmark cannot be indemnified for a non-existent liability. To the extent that Trustmark is not immune, Stevens contends that because legal liability on the part of Trustmark has not been established, and in fact has been denied by Trustmark, then no claim for indemnity against Stevens exists.

Trustmark agrees that Stevens had worker's compensation insurance at the time of the accident, and that Ellis made a claim for such benefits. For this reason, Trustmark argues that Ellis cannot maintain a tort claim against either Stevens, the employer, or Trustmark, the statutory employer. However, Trustmark contends that "[a]lthough Trustmark Builders has no liability to Ellis, it is still entitled to indemnity from Rusty Stevens for the claim that has been made. . . ." (Stevens's Reply in Supp. of Mot. for Summ. J., p. 2, filed Oct. 12, 2004.)

Ordinarily, under Mississippi common law, "there must be legal liability before a claim of indemnity arises." *Hopton Bldg. Maint., Inc. v. United Parcel Serv., Inc.*, 559 So.2d 1012, 1013 (Miss. 1990). "The parties may, of course, broaden the responsibility for indemnity by the language of their contract." *Hopton*, 559 So.2d at 1014. The agreement between Stevens and Trustmark states that Stevens agrees to hold harmless, or indemnify, Trustmark "for ***any claims*** arising out of performance of this contract." (Contract, dated Nov. 14, 2002, att. as Ex. E., Stevens' Mot. for Summ. J., filed Sept. 17, 2004 (emphasis added)). In *Hopton*, the

---

[2]In his motion, Stevens indicated that the hold harmless agreement in the contract is not an indemnification agreement. Stevens' Mot. for Summ. J., p. 2 ("'hold harmless' agreement between Rusty Stevens and Trustmark has absolutely no discussion of the words 'indemnify.'"). However, Stevens described it as an indemnification agreement in his brief and reply brief. Assuming *arguendo* that Stevens has alleged that the hold harmless agreement is not an indemnification agreement, the Court does not agree. A "hold harmless agreement" is defined as "[a] contract in which one party agrees to indemnify the other." BLACK'S LAW DICTIONARY 749 (8th ed. 2004). Based upon this definition, the hold harmless agreement in the contract between Trustmark and Stevens is clearly an indemnity agreement.

language of the agreement limited indemnification to claims or liability "imposed by law." *Hopton*, at 1013.  The court determined that based upon the language "imposed by law," legal liability had to be established before a claim of indemnity would arise.  The agreement between Stevens and Trustmark includes no such language.  Therefore, legal liability need not be established before an indemnity claim arises.  In other words, Trustmark is not required to establish its legal liability before asserting its claim of indemnity against Stevens.  This interpretation of the broad language used in the indemnity agreement between Stevens and Trustmark is consistent with the court's interpretation of "claim" in *Blain v. Sam Finley, Inc.*, 226 So.2d 742, 747 (Miss. 1969).  In *Blain*, the court determined that "[t]he word 'claim' refers to the assertion of a legal right and not to the recognition or validation of that right." *Blain*, 226 So.2d at 747, *citing Home Ins. Co. v. Watson*, 59 N.Y. 390 (C.A.N.Y. 1874).  Such language as used in *Blain* and in this case "demonstrates a contract of indemnity against liability as opposed to one against loss or damage."  *Blain*, at 747.  Thus, it is "not necessary for [Trustmark] to show that [it] actually paid [damages] . . . before . . . bring[ing] suit for their recovery."  *Id.; see also Valloric v. Dravo Corp.*, 357 S.E.2d 207, 213 (W.Va. 1987) (noting that "where the terms 'claim' or 'liability' are used, this bespeaks of a broader liability than the words indemnifying solely against 'loss' or 'damage.'").  For these reasons, Trustmark is not precluded from asserting its indemnity claim, even though Trustmark contends that it is immune from liability for Ellis's injuries.

    Next, Stevens contends that to the extent that Trustmark seeks indemnification for Stevens's negligence, such indemnification is barred under the exclusivity provision of the Worker's Compensation Act, MISS. CODE ANN. § 71-3-9.  That statute provides as follows:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death. . . .

MISS. CODE ANN. § 71-3-9.  As the Mississippi Supreme Court has held, "[t]he existence of a contract for indemnity, however, changes the applicability of the exclusiveness statute." *Heritage Cablevision v. New Albany Electric Power Sys. of the City of New Albany, Miss.*, 646 So.2d 1305, 1314 (Miss. 1994).  In this case, Stevens and Trustmark entered into a contract which clearly included a hold harmless or indemnity agreement.  This express indemnity agreement "'takes this case outside the prohibition of § 71-3-9, Mississippi Code of 1972, Annotated, and brings this case within the majority rule . . . that workmen's compensation acts do not bar a claim for indemnity by the third-party from the employer when that claim is based on an express contract of indemnity.'" *Heritage Cablevision*, 646 So.2d at 1314, *quoting Lorenzen v. S. Cent. Bell Tel. Co.*, 546 F.Supp. 694, 969 (S.D. Miss. 1982).  Thus, the indemnity agreement between Stevens and Trustmark "void[s] the effects of the worker's compensation exclusivity statute and . . . allow[s] a claim for indemnification." *Heritage Cablevision*, at 1314.  For this reason, to the extent that Trustmark seeks indemnification from Stevens for Stevens's negligence, the indemnity claim is not barred by the exclusivity provision of MISS. CODE ANN. § 71-3-9.  Stevens's motion for summary judgment on this issue should therefore be denied.

  Stevens also contends that to the extent that Trustmark seeks indemnification for its own negligence, the claim is barred by MISS. CODE ANN. § 31-5-41.  Section 31-5-41 provides as follows:

> With respect to all public or private contracts or agreements, for the construction, alteration, repair or maintenance of buildings, structures, highway bridges, viaducts, water, sewer or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise and/or agreement contained therein to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

MISS. CODE ANN. § 31-5-41. The contract between Stevens and Trustmark was a contract involving the construction of apartment buildings. Because the contract involved construction of a building, § 31-5-41 clearly applies. Pursuant to MISS. CODE ANN. § 31-5-41, the indemnification agreement is void to the extent that Trustmark seeks indemnification for its own negligence. For this reason, Stevens is entitled to judgment as a matter of law on this issue.

*Does Stevens have a duty to pay Trustmark's defense costs, including attorney's fees?*

Stevens contends that it is not liable for any costs of defense under the hold harmless agreement. According to Stevens, the agreement itself does not specifically address attorney's fees and other costs; therefore, those items are not covered by the agreement. Trustmark, on the other hand, contends that "[a]lthough Trustmark Builders has no liability to Ellis, it is still entitled to indemnity from Rusty Stevens . . . for attorney's fees, expenses, and costs associated with the claim." (Stevens's Reply in Supp. of Mot. for Summ. J., p. 2, filed Oct. 12, 2004.) Both parties agree that Trustmark is a statutory employee and as such will not ultimately be liable to the Plaintiff, Robert J. Ellis, on his tort claim.[3] In other words, Stevens and

---

[3] As noted above, the issue of whether Trustmark is a statutory employer is not before the Court at this time. Although both Trustmark and Stevens "agree" that Trustmark is the statutory employer, Trustmark has not moved for summary judgment on this issue. Therefore, the Court has made no determination whether Trustmark is or is not a statutory employer.

Trustmark, but not Plaintiff Ellis, agree that neither of them will be ultimately liable on Ellis's tort claim.  Trustmark contends, however, that although it may not be ultimately liable to Ellis, any costs or fees incurred in defending Ellis's claim must be paid by Stevens in accordance with the hold harmless agreement, despite immunity from liability.

Mississippi "follows the American rule regarding attorney fees." *Kennedy v. Anderson*, 881 So.2d 340, 348 (Miss. Ct. App. 2004) (citation omitted); *see also Dunn v. Dunn*, 786 So.2d 1045, 1055 (Miss. 2001).  "Unless there is a contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper." *Kennedy*, 881 So.2d at 348; *see also Dunn*, 786 So.2d at 1055.  In this case, there is no such provision in the contract concerning attorney's fees or defense costs.  In addition, Trustmark has not alleged that there is any statute that would allow the recovery of attorney's fees.  Trustmark cites *Blain v. Sam Finley, Inc.*, for the proposition that "an indemnitee is entitled to recover as a part of damages reasonable attorney's fees and reasonable costs and expenses which he is compelled to pay as a result of suit by or against him in reference to the matter in which he is indemnified." *Blain*, 226 So.2d 742, 745 (Miss. 1969).  In *Blain*, however, the contract specifically provided for the recovery of attorney's fees and costs.  Because the contract does not specifically provide for attorney's fees and defense costs, Trustmark cannot recover them.

## CONCLUSION

Pursuant to MISS. CODE ANN. § 31-5-41, the indemnification agreement between the Third-Party Plaintiff and the Third-Party Defendant is void to the extent that the Third-Party Plaintiff seeks indemnification for its own negligence.  In addition, because the contract does

not specifically provide for attorney's fees and defense costs, Trustmark cannot recover them. For these reasons, the Third-Party Defendant is entitled to judgment as a matter of law on the Third-Party Plaintiff's indemnification claim to the extent that it seeks indemnification for its own negligence, and attorney's fees and defense costs.  The motion of Third-Party Defendant for judgment as a matter of law on Plaintiff's indemnification claim to the extent it seeks indemnification for Stevens's negligence should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons cited above, the Motion of the Third-Party Defendant for Summary Judgment [19] should be and is hereby **DENIED IN PART AND GRANTED IN PART.**

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE