IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT J. ELLIS** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:04CV120HSO-RHW** |
| | § | |
| **LANDINGS ASSOCIATES, LTD., THE** | § | |
| **MITCHELL CO., TRUSTMARK** | § | |
| **BUILDERS, INC., AND SCOTTY JONES** | § | **DEFENDANTS** |
| | § | |
| **TRUSTMARK BUILDERS, INC.** | § | **THIRD-PARTY PLAINTIFF** |
| | § | |
| **v.** | § | |
| | § | |
| **RUSTY STEVENS AND FIREMAN'S** | § | |
| **FUND INSURANCE CO.** | § | **THIRD-PARTY DEFENDANT** |

### ORDER AND REASONS GRANTING MOTION FOR SUMMARY JUDGMENT OF THIRD-PARTY DEFENDANT RUSTY STEVENS

BEFORE THE COURT is the Motion for Summary Judgment filed March 14, 2006, in the above captioned cause by Third-Party Defendant, Rusty Stevens ["Stevens"]. Defendant/Third-Party Plaintiff Trustmark Builders ["Trustmark"] has filed a Response and Stevens a Rebuttal. After consideration of the submissions and the relevant legal authorities, the Court finds that Stevens' Motion is well taken and should be granted.

### I. FACTS AND PROCEDURAL HISTORY

On November 14, 2002, Trustmark, Landings Associates, The Mitchell Company, and Stevens, a subcontractor of Trustmark, entered into a contract for the performance of certain work as part of the construction of The Landings Apartments in Biloxi, Mississippi. During the construction project, Defendant Scotty Jones, an employee/agent for the Defendants, "constructed a wooden box for

the purpose of lifting workers to perform work above ground."  Pl.'s Compl., ¶15.
On February 3, 2003, Robert Ellis, an employee of Stevens and the Plaintiff in this
case, was using the box to lift himself to hang an archway as part of his duties for
Stevens.  "[T]he box tilted and slid off the forks of the lift causing it and the
Plaintiff to fall 25 to 30 feet to the ground."  Pl.'s Compl., ¶ 18.

    The Plaintiff filed his Complaint in this Court seeking damages for injuries
that he claims were caused by the Defendants' negligence.  On June 28, 2004,
Trustmark filed its Third-Party Complaint against Stevens, contending that
Stevens had contractually agreed to indemnify Trustmark for any claims, including
those asserted by Plaintiff.  In a previous Memorandum Opinion and Order entered
on March 7, 2006, this Court held that the indemnification agreement between
Trustmark and Stevens was void under Miss. Code Ann. § 31-5-41 "to the extent
that Third-Party Plaintiff seeks indemnification for its own negligence." *Ellis v.
Landings Associates, Ltd.,* 2006 WL 568706, *5 (S.D. Miss. 2006).  This Court
further determined that Trustmark was not entitled to recover attorneys' fees and
costs under said agreement.   Additionally, by separate opinion, this Court
determined that Alabama Workers' Compensation law was not applicable in the
present case, specifically with regard to the immunity and exclusivity provisions.
Ct. R. # 73, op. at p. 9.

    Stevens now moves this Court to completely dismiss him from the present
case based in part on the Court's previous determination that Mississippi Workers'
Compensation law and  Miss. Code Ann. § 85-5-7(8) are applicable to Plaintiff's

claims.  Trustmark opposes such dismissal on the grounds that such action is premature and also improper under Miss. Code Ann. § 85-5-7(5).

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 56 permits any party to a civil action to move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *See id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

A. Application of Miss. Code. Ann. § 85-5-7

In support of his Motion, Stevens relies on the Court's previous determination that he is obligated to "indemnify Trustmark for any liability owed to Plaintiff which Trustmark must pay because of Stevens' negligence," that he "will not be forced to indemnify Trustmark for Trustmark's own negligence" and that "the only potential liability which could arise is if Trustmark were liable to pay Plaintiff based upon reallocation of Stevens' fault to Trustmark." Stevens's Mot. for Summ. J., at p. 2. Stevens contends that:

> [t]here is nothing Stevens will have to indemnify Trustmark for under this agreement. Trustmark will never have to pay Ellis anything based upon Stevens' fault, because under MISS. CODE ANN. § 31-5-41(8), Stevens' fault as an immune employer will never be shifted to a potential third-party defendant, such as Trustmark.

Stevens's Mem. Br. in support of Mot. for Summ. J., at p. 6.

Stevens, as the immediate employer of Plaintiff, is immune from civil liability to Plaintiff under Mississippi Workers' Compensation Law. *See generally Martin v. Ingalls Shipbuilding, Div. of Litton Systems, Inc.*, 746 F.2d 231, 232 (5th Cir. 1984); *Armstrong v. St. Paul Fire and Marine Ins. Co.,* 2006 WL 3103003, *2 (S.D. Miss. 2006); *Powe v. Roy Anderson Const. Co.,* 910 So.2d 1197, 1200 (Miss.Ct.App. 2005).

The Mississippi Supreme Court in *Mack Trucks, Inc. v. Tackett,* 841 So.2d 1107 (Miss. 2003), held that a party which is immune from liability, including an employer which is immune by virtue of workers' compensation law, may

nevertheless be assigned fault under the allocated fault statute.

> To immunize employers from fault allocation in third-party tort suits
> would go against the spirit of the bargain between employers and
> employees that underlies workers' compensation; instead, the third
> party would pay the employer's cost of compensation, and the employee
> would have the possibility of recovering in tort for his employer's fault,
> since that would then be allocated to the third party. This certainly
> would benefit employers, and to some extent plaintiffs--but third
> parties should not be assessed to supplement our system of workers'
> compensation.

*Id.* at 1115.

Section 85-5-7 (8) of the Mississippi Code was in effect at the time the Complaint was filed.  It states in part that "[f]ault allocated under this subsection to an immune tort-feasor or a tort-feasor whose liability is limited by law shall not be reallocated to any other tort-feasor." Miss. Code Ann. § 85-5-7(8) (2003).  The same section is currently codified as Miss. Code Ann. § 85-5-7(5) (2005), and contains a similar prohibition regarding reallocation of fault in this case.  The clear meaning of the foregoing authorities is that, while fault may be allocated to Stevens for his negligence in this case, if any, by virtue of workers' compensation law neither he nor any other third party will be liable to pay for that allocation of fault.

Trustmark contends that dismissal of Stevens is premature and improper under Miss. Code Ann. § 85-5-7(4), which carves out the following exception to the foregoing rule:

> [j]oint and several liability shall be imposed on all who consciously and
> deliberately pursue a common plan or design to commit a tortious act
> or actively take part in it. Any person held jointly or severally liable
> under this section shall have a right of contribution from his fellow

defendants acting in concert.

Miss. Code Ann. § 85-5-7(4).

Trustmark argues that because it has right of contribution against Stevens under this section, dismissal is improper at this juncture.  Mississippi courts have examined and considered this issue and determined that "[w]hat we know from the statute [§ 85-5-7] is that there is only limited joint and several liability for those at fault and complete joint and several liability for intentional actors."  *Dawson v. Townsend & Sons, Inc.*, 735 So.2d 1131, 1137 (Miss.Ct.App. 1999).  However, reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [Workers Compensation] Act." *Frye v. Airco, Inc.,* 269 F.Supp.2d 743, 747 -748 (S.D. Miss. 2003) *citing Peaster v. David New Drilling Co.,* 642 So.2d 344, 348-349 (Miss. 1994).

A reading of the Complaint filed in this case reveals that Plaintiff's claims are grounded upon negligence theories and do not allege any type of intentional conduct.  Nor has any admissible evidence of intentional conduct on the part of Stevens been submitted by any of the parties.  Therefore, the carve-out provision of § 85-5-7(4) is not applicable in this case.  Based on the record before the Court, Trustmark cannot be held responsible for any fault of Stevens as a matter of law; therefore,  Stevens' Motion for Summary Judgment should be granted.

In its Response, Trustmark also asserts that dismissal of Stevens would be premature based upon the question of the application of Mississippi law instead of Alabama law in this case.  Trustmark argues that "[a]s indicated by counsel at a

recent status conference, Robert Ellis intends to challenge the Court's application of Mississippi law, including potential appeal to the Fifth Circuit Court of Appeals, . . . [t]herefore, dismissal of Stevens with prejudice and by Rule 54(b) certification would be improper until such time as the determination of the application of Mississippi law becomes final." Trustmark's Resp. to Mot. for Summ. J. at p. 2. This Court has already determined that Mississippi law applies in this case and that finding has not been challenged to date.  Accordingly, Stevens' Motion for Summary Judgment should be granted and Stevens should be dismissed.

B. Stevens' Request for Fed. R. Civ. P. 54(b) Certification

Stevens moves the Court to enter a Rule 54(b) certification in the event he is dismissed on the grounds that "there are no claims remaining to be asserted against him and that as such, there is no just reason for delay in a judgment dismissing him from the case." Stevens's Mot. for Summ. J., at p. 3.  Federal Rule of Civil Procedure 54(b) provides that "when more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all claims . . . ." *Bodden v. Osgood*, 879 F.2d 184, 187 (5th Cir. 1989).  However, the Court can enter this type of judgment only "upon an express determination that there is no reason for delay and upon an express direction for entry of judgment." *Id.*  The decision whether to grant a request for Rule 54(b) judgment is committed to the discretion of the Court. *See Hotard v. State Farm Fire and Cas. Co.,* 286 F.3d 814, 816 (5th Cir. 2002); *Swope v. Columbian Chemicals Co.,* 281 F.3d 185, 193 (5th Cir. 2002).

With regard to the case *sub judice*, the Court finds that the interests of judicial economy and the orderly administration of justice would not be served by directing entry of a separate final judgment at this time, but instead could result in piecemeal litigation.   Therefore, Stevens' request for a Rule 54(b) entry of judgment will be denied at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion of the Third-Party Defendant, Rusty Stevens, for Summary Judgment filed March 14, 2006, [79-1]  should be and is hereby **GRANTED,** and all claims asserted against Third-Party Defendant Rusty Stevens are hereby dismissed with prejudice.   Finally, Stevens' request for entry of a separate Rule 54(b) certification should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2007.

*s/ Halil Suleyman Ozerden*
**HALIL SULEYMAN OZERDEN**
**UNITED STATES DISTRICT JUDGE**

-8-