IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT J. ELLIS | § | PLAINTIFF |
| | § | |
| V. | § | Civil No.1:04CV120HSO-RHW |
| | § | |
| LANDINGS ASSOCIATES, LTD., THE | § | |
| MITCHELL CO., TRUSTMARK | § | |
| BUILDERS, INC., AND SCOTTY JONES | § | DEFENDANTS |
| | § | |
| TRUSTMARK BUILDERS, INC. | § | THIRD-PARTY PLAINTIFF |
| | § | |
| V. | § | |
| | § | |
| RUSTY STEVENS AND FIREMAN'S | § | |
| FUND INSURANCE CO. | § | THIRD-PARTY DEFENDANT |

### ORDER AND REASONS DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of the Defendants Landings Associates, Ltd., ["Landings"] and The Mitchell Company ["Mitchell"] for Summary Judgment, pursuant to FED. R. CIV. P. 56 filed in the above-captioned cause on March 14, 2006. Plaintiff filed a Response and the Defendants have filed a Rebuttal. Third-Party Defendant Rusty Stevens has also filed a brief. After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that the instant motion must be denied.

### I. FACTS AND PROCEDURAL HISTORY

In a previous written opinion entered in this case on March 7, 2006, this Court has already determined that the Mississippi Workers' Compensation Act controls the issues of immunity or exclusivity in this case. Ct. R. #73, opinion at p.

9. Relying on this Court's earlier pronouncements, Defendants now move the Court to grant summary judgment on the grounds that Plaintiff's claims are barred by the immunity and exclusivity provisions of the Mississippi Workers' Compensation Act. Because the facts and procedural history have been set forth in the Court's previous opinions, they will not be repeated herein. Only the facts pertinent to the resolution of the instant motion will be included.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988). The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F.Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes or facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes

that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)). To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F.Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F.Supp.2d at 543.

<u>A. Does Application of the Immunity and Exclusivity Remedies of Mississippi Worker's Compensation Law Preclude Plaintiff's Cause of Action Against Defendants Landings and The Mitchell Company?</u>

Under Mississippi law, Plaintiff's exclusive remedy against his employer is provided by workers' compensation. *See* Miss. Code Ann. § 71-3-9.[1]  In addition,

---

[1]**§ 71-3-9. Employer liability exclusive**.

The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his

Miss. Code. Ann. § 71-3-7 provides that the liability of "an employer" to pay workers' compensation immunizes "such employer" from all other liability to the employee. *See Lamar v. Thomas Fowler Trucking, Inc.*, 2006 WL 853294, *9 (Miss.Ct.App. 2006).

It is undisputed that the Landings Apartments were built on property owned by Defendant Landings Associates, Ltd., whose partners are The Mitchell Company, also a defendant in this case, and Southeastern Partners, Inc., who is not a party in this case. The Mitchell Company hired Trustmark Builders, Inc., as a subcontractor, who in turn hired Third Party Defendant Rusty Stevens as a subcontractor. Plaintiff was employed by Rusty Stevens.

The Court first notes that Defendants' reply brief states that:

> due to a typographical error contained in the contract identifying The Mitchell Company as an 'owner', Defendants concede that an issue of material fact does exist in regards to the status of the Mitchell Company. In contrast, no issue of fact exists as to the status of the Landings as property owner, thus summary judgment is still appropriate as to the Landings.

Defs.' Reply Br. at p. 4.

Because the Defendants concede that there is a material fact question as to the status and assertion of control by The Mitchell Company, summary judgment as to Mitchell is not appropriate and must be denied. *See generally Coho Resources, Inc. v. Chapman,* 913 So.2d 899, 905-06 (Miss. 2005); *Magee v. Transcontinental*

---

employment, nor that the injury was due to the contributory negligence of the employee. Miss. Code Ann. § 71-3-9.

*Gas Pipe Line Corp.*, 551 So.2d 182, 186 (Miss. 1989).

    As for Defendant Landings, it contends that absent from the record in the present case is any evidence indicating that it possessed a substantial right of control over the construction of the Landings Apartments, the work which gave rise to the Plaintiff's injury.  Defs.' Reply Br. at p. 4.  Landings further contends that, at no time during the construction process did it employ any of the work force on the job site.  Aff. of Chester Stefan, Ex. "A" to Defs.' Mot. for Summ. J.

    Plaintiff's Response first asserts that this Court erroneously determined that the Mississippi Workers' Compensation Act applies to the instant case.  The Court reiterates its earlier finding that, because Mississippi has "the most significant relationship" to the accident and the parties, Mississippi law controls. *See Coats v. Penrod Drilling Corp.*, 785 F.Supp. 614, 617 (S.D. Miss. 1992) (citations omitted).

    Moreover, the Court has previously considered Miss. Code Ann. § 71-3-109, and determined that while the facts of this case indicated that Stevens unequivocally furnished Plaintiff workers' compensation benefits, the State of Alabama, as reflected in Ala. Code § 25-5-35, does not recognize the extra-territorial provisions of the Mississippi Workers' Compensation Law, nor does it exempt from the application of Alabama's workmen's compensation law those employees and employers who are covered under the Mississippi Workers' Compensation Law.  Because neither of these conditions were met, Mississippi Workers' Compensation Law is applicable in the present case.  Ct. R. # 73, op. at p. 9.

Plaintiff next contends that, notwithstanding the Court's ruling, Defendants are not entitled to summary judgment because as owners of the project property, they are not "statutory employers" and are therefore subject to suit. Plaintiff's Response in pertinent part states that, "in order to claim the immunity and exclusivity of the Mississippi Workers' Compensation Act, a party must be a statutory employer of the employee. Property owners cannot assume the posture of a contractor. . . where they have no responsibility under the Workers' Compensation Act, they enjoy none of the benefits under the act." Pl.'s Mem. Br. in Opp'n to Mot. for Summ. J. p. 7, citations omitted. In support of this argument, Plaintiff contends that Mike Meeks and Trey Curley were Project Superintendents who were employed by Landings. Aff. of Paul T. Wells, Ex. "3" to Pl.'s Resp. to Mot. for Summ. J.

Mississippi Code § 71-3-5 defines employers who are subject to the Mississippi Workers' Compensation Act as follows:

> Every person, firm and private corporation, including any public service corporation but excluding, however, all nonprofit charitable, fraternal, cultural, or religious corporations or associations, that have in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.

Miss. Code Ann. § 71-3-5.

In addition, Mississippi Code § 71-3-7 provides in part that:

> Every employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable

under its provisions.

In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment.

Miss. Code Ann. § 71-3-7.

The right of control, rather than the fact that an employer exercises that control, determines the status of parties as employer and employee for workers' compensation purposes.

> Mississippi insulates owners from liability in suits by a contractor's workers where the 'right and fact of control of the premises and the nature and detail of the work' has been delegated to the contractor, . . . and the 'injuries arose out of or were intimately connected with the work.' *Magee v. Transcontinental Gas Pipe Line Corp.,* 551 So.2d 182, 185 (Miss.1989). This protection is not available, however, if the owner has retained a substantial 'right of control over the performance of that aspect of the work that has given rise to the injury.' *Id.* at 186. To determine how the right of control has been divided between owner and contractor, we look first to the contract itself. *See id.* We look second to the level of *de facto* control retained by the owner. Specifically, the plaintiff must show that 'the owner maintained substantial de facto control over those features of the work out of which the injury arose,' such that premise [sic] owner liability is nevertheless justified. *Id.*

*Lee v. E I Dupont De Nemours & Co.,* 249 F.3d 362, 364 -65 (5th Cir. 2001); *see also Mathis v. Jackson County Bd. of Supervisors,* 916 So.2d 564, 570 (Miss.Ct.App. 2005)(citations omitted)(one may establish the right of control by demonstrating that a potential employer provided equipment and had the right to fire a potential employee).

> Where a party ... contracts with another ... to perform original construction or repair work ... and devolves upon the contractor the right and fact of control of the premises and the nature and details of the work, the owner has no liabilities for injuries experienced by the contractor's workers where those injuries arose out of or were

> intimately connected with the work. . . . Thus, where the owner surrenders to the contractor *all* control over the performance of that aspect of the work that gives rise to the injury, there is also no liability.

*Hill v. International Paper Co.* 121 F.3d 168, 175 (5th Cir. 1997)(citations omitted); *see also Matthews v. Horseshoe Casino*, 919 So. 2d 278, 279-80 (Miss.Ct.App. 2005)(hearing held on Horseshoe's summary judgment motion on whether owner/employer maintained control over work project giving rise to injuries.)

Plaintiff submits that because the contract for the construction of the Landings Apartments was executed by Chester Stefan on behalf of both Landings and The Mitchell Company, this is evidence that Landings maintained significant control over the construction process. As noted above, the contract that contained a typographical error with regard to the ownership status of Landings and The Mitchell Company is not present in the record. Based on the record before it, the Court is unable to determine whether or not Landings completely relinquished control over the construction of The Landings Apartments to The Mitchell Company as General Contractor, and this determination rests upon material fact questions which are clearly in dispute. *See Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So.2d 182, 186 (Miss. 1989) ("what is critical is whether the project owner maintains any right of control over the performance of that aspect of the work that has given rise to the injury. In this setting the undisputed language of the contract becomes important." (citations omitted)).

In the present case, the evidence before the Court does not establish, beyond dispute, who, if anyone, had "unfettered control over that portion of the work which

gave rise to Plaintiff's injury." *Id.* Therefore, summary judgment would be improper.

## CONCLUSION

The Court has considered Plaintiff's claims against the Landings in light of Mississippi workers' compensation law and concludes that there remains a material fact question as to whether Landings was a statutory employer under the Act. Therefore, the Motion for Summary Judgment must be denied as to Landings. In addition, because the Defendants concede that a material fact question remains concerning ownership and the right of control with regard to The Mitchell Company, the remainder of the Motion for Summary Judgment must likewise be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion of Defendants Landings Associates and The Mitchell Company for Summary Judgment, filed March 14, 2006, pursuant to FED. R. CIV. P. 56 [77-1], should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2007.

*s/ Halil Suleyman Ozerden*
**HALIL SULEYMAN OZERDEN**
**UNITED STATES DISTRICT JUDGE**