# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT J. ELLIS | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV120 LG-RHW |
| | § | |
| LANDINGS ASSOCIATES, LTD., THE MITCHELL CO., TRUSTMARK BUILDERS, INC. and SCOTTY JONES | § § § | DEFENDANTS |
| | § | |
| TRUSTMARK BUILDERS, INC. | § | THIRD-PARTY PLAINTIFF |
| | § | |
| v. | § | |
| | § | |
| RUSTY STEVENS and FIREMAN'S FUND INSURANCE CO. | § § | THIRD-PARTY DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT are the Supplemental Motion for Summary Judgment [171] filed by Defendants Trustmark Builders, Inc. and Scotty Jones, and the Motion for Partial Summary Judgment [172] filed by Plaintiff Robert J. Ellis. Both motions seek resolution of the sole remaining issue in this case - whether Mississippi or Alabama workers' compensation law applies in regard to Ellis's tort claims against Trustmark and Jones. After due consideration of the submissions and the relevant law, it is the Court's opinion that Mississippi law controls. Accordingly, Ellis is barred from bringing tort claims against Trustmark and Jones. Their Motion for Summary Judgment will therefore be granted and Ellis's motion will be denied.

### FACTS AND PROCEDURAL HISTORY

This case arose out of an incident in which Ellis was injured while working on the construction of "The Landings Apartments" in Biloxi, Mississippi. Ellis was employed by Scotty

Jones, a subcontractor on the project.[1] During the construction project, Jones constructed a wooden box for the purpose of lifting workers to perform work above ground. On February 3, 2003, Ellis was using the box to lift himself to construct an archway. The box tilted and slid off the forks of the lift causing it and Ellis to fall 25 to 30 feet to the ground. He was severely injured as a result of the fall and received Alabama workers' compensation benefits. Ellis then filed his complaint in this Court seeking damages for injuries that he claims were caused by the Defendants' negligence.

Early in the case, this Court determined that Mississippi workers' compensation law controlled, and Mississippi law did not permit Ellis to recover on his tort claims against the Defendants. *See* Memo. Op. & Order Denying Pl. Mot. for Partial Summ. J., Mar. 7, 2006 (Ct. R. 73); Order Granting Trustmark Builders, Inc. and Scotty Jones' Mot. for Summ. J., Aug. 2, 2007 (Ct. R. 108). The Court considered Miss. Code § 71-3-109 to be a statutory directive, which under the facts of this case, compelled application of Mississippi, rather than Alabama, law. Ellis appealed that decision. *See* Joint Notice of Appeal, Ct. R. 122. The Fifth Circuit Court of Appeals vacated and remanded the case, finding that this Court had misconstrued Mississippi Code § 71-3-109(3) as a statutory directive taking the place of Mississippi's ordinary choice-of-law rules. The Fifth Circuit instructed this Court to first apply Mississippi choice-of-law rules to determine if it should apply Mississippi law. Only in that instance should the Court consider the application of Miss. Code § 71-3-109(3). *Ellis v. Trustmark Builders, Inc.*, 294 Fed.

---

[1] Scotty Jones was a subcontractor of Trustmark Builders, Inc., which was itself a subcontractor on the project. The business relationships of the remaining parties are not relevant to the issue now before the Court, and they have been set out in the Court's earlier orders. *See* Ct. R. 73, 74.

Appx. 971, 974 (5th Cir. 2008).

The parties have now filed cross-motions for summary judgment on the choice-of-law issue. Trustmark and Scotty Jones argue that Mississippi has the most significant relationship to the accident and the parties, and therefore Mississippi law should be applied to the workers' compensation exclusivity and immunity issues in this suit. Ellis argues that it is Alabama that has the most significant relationship, and therefore Alabama law applies. All other issues have been resolved or settled between the parties.

## Discussion

"It is well settled that a federal court sitting in diversity must apply the choice of law rule of the forum in which it sits." *Marascalco v. Int'l Computerized Orthokeratology Soc'y, Inc.*, 181 F.R.D. 331, 337 (N.D. Miss. 1998) (citation omitted). In choice-of-law questions, Mississippi has adopted "the most significant relationship test" set out in the Restatement (Second) of Conflicts of Law. *McDaniel v. Ritter*, 556 So. 2d 303, 310 (Miss. 1989); *Church v. Massey*, 697 So. 2d 407, 410 (Miss. 1997). The test provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties,

(d) the place where the relationship, if any, between the parties is centered.

*Church*, 697 So. 2d at 410 (citing *McDaniel*, 556 So. 2d at 310). "These contacts are evaluated according to their relative importance with respect to the particular issue." *Id.* at 310.

In the Court's opinion under the "most significant relationship test," Mississippi law applies.[2] Notably, the accident occurred in Mississippi. The negligent conduct which allegedly caused the injury occurred in Mississippi. Finally, the injured plaintiff appears to have been a Mississippi resident.[3]

Having concluded that Mississippi law applies, the Court now considers the application of Mississippi Code § 71-3-109. As discussed in this Court's Memorandum Opinion and Order Denying Plaintiff's Motion for Partial Summary Judgment (Ct. R. 73), § 71-3-109(3) provides that an employee hired or regularly employed outside of Mississippi and his employer are exempt from the provisions of the Mississippi workers' compensation law while the employee is

---

[2] Alabama courts would also apply Mississippi law in this case. In *Norris v. Taylor*, 460 So. 2d 151 (Ala. 1984), Norris, an Alabama resident employed by an Alabama company, was injured on a work site in Kentucky. *Norris*, 460 So. 2d at 152. Norris sued his co-employees, alleging that they had negligently selected an unsafe ladder for a job that Norris was to perform. *Id*. The co-employees, in their answer, alleged that Kentucky law applied and that Kentucky law prohibited co-employee actions. *Id*. The Alabama supreme court agreed, holding that the place of injury, not the place of the negligent act or omission, controls - the rule of *lex loci delicti*. *Id*. at 152-53 (citing *Alabama Great Southern R.R. v. Carroll*, 97 Ala. 126, 11 So. 803 (1892)).

The *Norris* holding was reaffirmed in *Powell v. Sappington*, 495 So. 2d 569 (Ala. 1986), in which the Alabama supreme court rejected the appellant's argument that an exception to the *lex loci delicti* rule existed "in the [workers'] compensation context where an injured employee . . . elect[s] to accept benefits under the [workers'] compensation act of his state of employment and not the state where the injury occurred." *Powell*, 495 So. 2d at 570. The court stated: "We therefore hold that a claimant who is injured in another state cannot evade the application of the *lex loci delicti* rule merely by filing his [workers'] compensation claim in Alabama." *Id*. It is clear from these precedents that Alabama has no interest in imposing the exclusivity and immunity provisions of its own workers' compensation law in this case.

[3] The plaintiff had a Mississippi mailing address and a Mississippi driver's license.

temporarily working in Mississippi if certain conditions are met.

The exemption will apply only if both of the following conditions are met:

> (1) the employer, Rusty Stevens, must furnish workmen's compensation under the laws of Alabama which covers the Plaintiff while working in Mississippi; and
>
> (2) Alabama workmen's compensation law must recognize the extra-territorial provisions of the Mississippi Workers' Compensation Law and exempt from the application of Alabama's workmen's compensation law those employees and employers who are covered under the Mississippi Workers' Compensation Law.

The Court relies on the case of *LaDew v. La Borde*, 63 So. 2d 56 (Miss. 1953). In *LaDew,* the Mississippi Supreme Court held that an employee, a Louisiana resident injured on the job in Mississippi, and his employer were not exempt from the application of Mississippi worker's compensation law because the Louisiana workers' compensation statutes did not recognize "the extra-territorial provisions of Chap. 354, Laws of 1948, and exempt[] employers and employees who are covered in this state." *LaDew*, 63 So.2d at 59.[4]

In this case, the first condition under § 71-3-109(3) applies. It is undisputed that Rusty Stevens provided worker's compensation coverage for the Plaintiff in Alabama, and that the Plaintiff actually received worker's compensation benefits in Alabama for the injuries he sustained while working in Mississippi. However, § 71-3-109(3) also requires that the Alabama worker's compensation law recognize the extra-territorial provisions of Mississippi worker's compensation law, and exempt from the application of Alabama worker's compensation law those employees and employers who are covered under Mississippi worker's

---

[4] The court was applying the predecessor to Miss. Code Ann. § 71-3-109(3), which was Chap. 354, Sec. 49(c), Laws of 1948. The language in sec. 49(c) is virtually identical to § 71-3-109(3).

compensation law. *See LaDew*, at 58-59. In the opinion of this Court, ALA. CODE § 25-5-35, does not exempt Mississippi employees and employers from coverage under Alabama law. On the contrary, the statute allows a Mississippi employee injured in Alabama to recover under the Alabama statute, as long as the employer would have been subject to the workers' compensation law "had the contract of employment been entered into in [Alabama] for performance in [Alabama]." ALA. CODE § 25-5-35(g). Under the Alabama statute, an employee could potentially recover under both the Mississippi and the Alabama workers' compensation provisions, although the amount of compensation and benefits awarded under Mississippi workers' compensation law would be credited against the Alabama award. *See* ALA. CODE § 25-5-35(e). The second condition required by MISS. CODE § 71-3-109(3) is not met. Therefore, Ellis and his employer are not exempt from Mississippi workers' compensation law.[5]

The Court therefore concludes that Ellis has received the workers' compensation benefits to which he is entitled. Under the exclusivity and immunity provisions of Mississippi worker's compensation law he is barred from pursuing his tort claims against Trustmark and Jones.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [172] filed by Plaintiff Robert J. Ellis is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Supplemental Motion for Summary Judgment [171] filed by Defendants Trustmark Builders, Inc. and Scotty Jones is **GRANTED**. The Plaintiff's claims against Trustmark Builders, Inc. and Scotty Jones are **DISMISSED**.

---

[5] On appeal, the Fifth Circuit did not disapprove of this analysis, stating that "[t]o the extent that the district court followed the test set out in *LaDew*, it seems to have done so correctly." *Ellis v. Trustmark Builders, Inc.*, 294 Fed. Appx. 971, 974 (5th Cir. Oct. 6, 2008).

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2009.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE